UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STEWART JAY WARREN,  No. 06-10697

                       Debtor(s).
_____/

Memorandum on Motions to Dismiss
_____

Debtor Stewart Warren filed his Chapter 7 petition on October 11, 2006, but failed to file any schedules or statement of affairs or a certificate of credit counseling. Independent investigation has led the Chapter 7 trustee to believe that there may be significant assets in the estate, in that Warren had $93,000.00 in a bank account on the day he filed his petition, has engaged in real estate transactions within the past few years, and may be the beneficiary of a trust.

Warren now has two motions to dismiss his case before the court: a noticed motion to dismiss on the grounds that he was not eligible to file pursuant to § 109(h)(1) of the Bankruptcy Code because he had no consumer credit counseling, and an *ex parte* application to enter an order of dismissal pursuant to § 521(i)(2) on grounds that his case was dismissed automatically by operation of law on the 45th day after filing when he did not file his schedules and statement of affairs. In other words, Warren wants out of Chapter 7 based on his own failures and misconduct. The trustee and the U.S. Trustee object.

The court agrees with the analysis of Bankruptcy Judge Tchaikovsky in *In re Withers*, 2007 WL 628078 (Bkrtcy.N.D.Cal. 2007), that dismissal is not mandated where the debtor is seeking to take

1

advantage of either § 109(h) or § 521(i) to the prejudice of his creditors. Judicial estoppel bars a debtor from seeking dismissal under § 109(h), and § 521(i) does not require dismissal if the requirements to file schedules and statement of affairs have been waived.

Accordingly, the court construes the trustee's Request to Refrain From Dismissing the Case filed on November 15, 2006, as a motion to waive the requirement that the debtor file all of the papers specified in § 521(a)(1) and, as such, grants the relief *nunc pro tunc* to November 15, 2006.

The U.S. Trustee shall submit appropriate forms of order denying both the motion to dismiss and the request for entry of an order of dismissal. The trustee shall submit a form of order waiving the requirement that the debtor file the papers required by § 521(a)(1).

Dated: April 9, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

2